IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AINSWORTH INC., | Case No.: 3:23-cv-01849-YY |
| Plaintiff, | |
| v. | |
| | OPINION AND ORDER |
| CHRISTOPHER MARSHALL, MITCHELL ADAMS, DEVAN TRUEB, and DMC MECHANICAL, LLC, | |
| Defendants. | |

Plaintiff Ainsworth Inc. brings this action against defendants Christopher Marshall, Mitchell Adams, Devan Trueb, and DMC Mechanical, LLC, alleging intentional interference with a business relationship, breach of duty of loyalty, misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1833, *et seq.*, and misappropriation of trade secrets in violation of the Oregon Uniform Trade Secrets Act, Or. Rev. Stat. §§ 646.461-646.475.

Plaintiff filed an amended *ex parte* motion seeking a temporary restraining order. Pl.'s First Am. Mot. for TRO, ECF [33]. In support of that motion, plaintiff filed exhibits, some of which it seeks to file under seal. Mot. to File Document Under Seal, ECF [36]. For the reasons set forth below, the motion to file under seal is granted.

## LEGAL STANDARD

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As a result, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135).

To meet the compelling reasons standard, "the party must 'articulate[ ] compelling reasons

1

supported by specific factual findings,' . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id.* (quoting *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  The court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135).

## DISCUSSION

In support of its First Amended Motion for Temporary Restraining Order, plaintiff seeks to file the Declaration of Jami Rake ("Rake Decl."), ECF [36-1], which includes attached Exhibits A-1 through A-12.  Plaintiff wishes to file Exhibits A-5 through A-10 under seal.  Mot. to File Document Under Seal 2-3.  Plaintiff states that these exhibits contain confidential, proprietary, and trade secret information related to its business and clients.  *Id.* 4.  Plaintiff argues that these documents should be filed under seal because they could cause it competitive harm if disclosed publicly.  *Id.* 5.

Plaintiff has articulated compelling reasons for filing the above-listed exhibits under seal. These documents contain proprietary information such as specifications for client equipment, vendor and client contact information, and client proposals that, if shared, could competitively harm plaintiff's business. Compelling reasons exist to maintain documents under seal when "'public disclosure of this information would competitively harm'" a party's business.  *Charles v. Portfolio Recovery Assocs.*, LLC, 654 F. Supp. 3d 1153, 1157 (D. Or. 2023) (granting motion to seal an asset sales agreement that contained proprietary information related to defendant's business) (quoting *J.R. Simplot Co. v. Washington Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016)).  Plaintiff's motion is narrowly tailored to specific exhibits containing this information, while other supporting exhibits will be filed publicly.  On balance, plaintiff's request protects confidential information for which compelling reasons exist to maintain under seal, while disclosing all other information to the public.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to File Document Under Seal, ECF [36], is GRANTED.  Plaintiff is directed to file the Declaration of Jami Rake and all unsealed exhibits together.

Plaintiff should then file Exhibits A-5 through A-10 separately under seal.

IT IS SO ORDERED.

DATED this 22nd day of January, 2024.

_____
Adrienne Nelson
United States District Judge